IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VERÓNICA GONZÁLEZ MARTÍNEZ, her daughter KRISTALEE ROSA GONZALEZ; CHRISTIAN LEE ROSA RAMOS, ELIZABETH GONZÁLEZ MARTÍNEZ, her daughter ZUJEIL Y RODRIGUEZ GONZALEZ; DOLORES DEL VALLE, her daughter ALEXIS PATRICIA HEALION<br>PLAINTIFFS<br><br>V.<br><br>ROYAL CARIBBEAN CRUISES, LTD; ABC INSURANCE COMPANY and XYZ INSURANCE COMPANY<br>DEFENDANTS | CIVIL NO.<br><br><br>MARITIME LAW<br>DIVERSITY OF CITIZENSHIP<br>JURY TRIAL DEMANDED |

# COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiffs, as listed above, represented by the undersigned attorney and very respectfully states:

## INTRODUCTION

This is an action for declaratory relief and monetary damages for violation of constitutional and statutory rights of plaintiffs guaranteed by the Constitution and Laws of the United States and Puerto Rico, and for the damages for the injuries caused plaintiffs by the intentional, and/or grossly negligent acts of the defendants.

## JURISDICTION AND VENUE

1. This is a civil action brought pursuant to 28 U.S.C. section 1333 et seq., and is based upon Maritime Law Jurisdiction. In addition, there is also venue and jurisdiction pursuant to 28 U.S.C. scetion 1332(a) on diversity of citizenship and

    the amount in controversy exceeds the sum of seventy five thousand dollars, ($75,000.00), exclusive of interest, costs and attorney fees.

2. This action is also brought pursuant to the laws of the Commonwealth of Puerto Rico, Article 1802 of the Civil Code or Puerto Rico, 31 L.P.R.A. § 5141 and the laws of the United States and the Constitution. Jurisdiction is founded upon 28 U.S.C. § 1333 and 1332(a) and upon the aforementioned statutory and constitutional provisions. Venue of this action is proper under 28 U.S.C § 1391 and 1392.

3. Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under the Constitution and Laws of Puerto Rico from a common nucleus of operative fact under 28 U.S.C. section 1367.

### The Parties

1. Verónica González Martínez is of legal age, single, employee, resident of Urb. Mansiones de Vista Mar Marina, Calle Mallorca #1139, Carolina, Puerto Rico 00983.

2. Kristalee Rosa González is Verónica's daughter, minor, single, high school student and lives under the custody of her mother Verónica González Martínez, therefore, has the same address as her mother.

3. Christian Lee Rosa Ramos is of legal age, single, employee, biological father of Kristalee Rosa González. his address is Calle Jose PH Hernandez, #8, Rio Grande, PR 00745.

4. Elizabeth González Martínez is Veronica's sister. She is of legal age, employee, with postal address in PMB 289, PO Box 1283, San Lorenzo, PR 00754 nd is Zujeily Rodríguez González mother.

5. Zujeily Rodríguez González is Elizabeth's daughter. Minor, single, student and lives

under the custody of her mother Elizabeth, therefore has the same address of her mother

6. Dolores del Valle is of legal age, marital status unknown, employee, postal address HC 30, Box 33158, San Lorenzo, PR00754 and is Alexis Patricia Healion's mother.

7. Alexis Patricia Healion is Dolores' daughter. Minor, single, student and lives under the custody of her mother Dolores del Valle, therefore has thebsame address as her mother.

8. Royal Caribbean Cruises, LTD is a cruise line dedicated to sell vacations on cruises with different destinations are legal entities, organized under the laws of the Florida, United States, doing business in the Commonwealth of Puerto Rico, and were, at all times relevant to the facts which gave rise to this complaint, the entity is charged with the responsibility of proper maintenance, safety and compliance with the public safety policy and cruise and passenger contract on the Voyage. Hereinafter, they are referred to as defendants.

9. ABC and XYZ Insurance Companies are companies that had, by the time of the incident an insurance policy extended to Royal Caribbean, LTD, to cover all risks and torts incurred by Royal Caribbean, LTD.

### FIRST CAUSE OF ACTION
### (NEGLIGENCE)

10. Verónica González Martínez and Christian Lee Rosa as Kristalee's parents, were planning a cruise for Kristalee's birthday party around the Caribbean.

11. They purchased from Royal Caribbean, LTD, Adventure of the Seas cruise their own tickets plus Kristalee's, Zujeily's and Alexis Patricia's to accompany them to the trip.

12. The cruise sailed off from San Juan on March 24, 2013 with Verónica, her daughter Kristalee, Kristalee's father Christian Lee, Zujeily (Verónica's niece) and Alexis Patricia

(friend) to the Caribbean.

13. By March 28, 2013 the cruise arrived to St. Lucia, an island located in the Caribbean.

14. Plaintiffs purchased tickets for an excursion across the island.

15. By mid day Kristalee's suffered a hypoglycemyic shock, she was very pale and passed out. Christian Lee and Verónica rushed the taxi cab to the port to take Kristalee to the cruise to receive medical attention.

16. Once they arrived to the port, Royal Caribbean, LTD authorities denied Plaintiffs authorization to board the cruise, arguing that Kristalee was intoxicated with alcohol and she was a minor and that was against the rules of the cruise.

17. Royal Caribbean authorities never performed on Kristalee an alcohol test to verify if she was really intoxicated with alcohol or was suffering from a medical condition.

18. Royal Caribbean authorities never granted plaintiffs access to the ship. They told them that they were not going on board and that they would have to stay in the island until Kristalee recovered. Plaintiffs never had access to their luggage and personal belongings. Royal Caribbean personnel also denied medical attention to Kristalee.

19. The cruise sailed away from St. Lucia without all plaintiffs

20. Kristalee had to be taken to a local hospital in St. Lucia where she received medical treatment for her hypoglycemic shock.

21. After Kristalee was released from the hospital, Plaintiffs were really scared. They were in a foreign country, did not know anybody there and did not know what to do.

22. After they calmed down, they looked for a hotel to stay and started trying to make arrangements on their own to return to Puerto Rico.

23. Royal Caribbean never called the relatives of the plaintiffs that were in the list of

emergency contacts to let them know what happened. That is gross negligence because they have an obligation to call emergency contacts when they leave passengers behind.

24. Meanwhile, in Puerto Rico, Elizabeth González Martínez and Dolores del Valle were desperate to know that their respective daughters were left behind by the cruise and on their own in a foreign country. They camei nto knowledge because Ms. Verónica Gonzalez called her sister Elizabeth and her friend Dolores.

25. Verónica González Martínez was also desperate because she was left behind in a foreign country with a very bad reputation of a prostitution network and she was with 3 teenagers over 15 years old. She could not sleep and eat in over 3 days due to her worries for their safety.

26. Plaintiffs started making arrangements to return to Puerto Rico but they did not have enough money to purchase all air tickets. Their family in Puerto Rico had to deposit money in Verónica's credit card but it was going to be available by the next day.

27. The only arrangement to return to Puerto Rico was from St. Lucia to Antigua to St. Maarten to St. Croix and to San Juan.

28. After all the struggle, Plaintiffs arrived to Puerto Rico on March 30, 2013.

29. As a result of all the actions and omissions complained above, plaintiff has suffered severe mental anguish and emotional damages which continue until the present.

30. The actions and omissions by defendants described above violated plaintiff's rights and to their physical integrity as guaranteed by the contractual rights and the laws of the Puerto Rico and the United States Constitution, causing the damages described above.

**SECOND CAUSE OF ACTION**

**NEGLIGENCE - (DIVERSITY JURISDICTION)**

31. Plaintiff repeats and re-alleges each and every statement and allegation contained in paragraphs one (1) throughout thirty (30) of this complaint.

32. The omissions and conduct of defendants alleged in the above state cause of action constitute tort, negligence, gross and reckless negligence and indifference to plaintiff's rights, and negligent and supervision under the Constitution and laws of the Commonwealth of Puerto Rico, unlawful actions under color of law for which defendants, are liable to plaintiff.

33. These acts and omissions constitute violations of Article II, § 1, 7 and 10 of the Constitution of the Commonwealth of Puerto Rico and of the contractual obligations of the Contract. This Court has diversity and supplemental jurisdiction to hear and adjudicate these claims under Article 1802 of the Civil Code or Puerto Rico, 31 L.P.R.A. § 5141 and Article 1803 of the Civil Code of Puerto Rico as defendants are employers of codefendants. This Court may properly exercise Diversity and supplemental jurisdiction to hear and adjudicated these claims.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests the following relief, jointly and severally, against all defendants.

1. declaratory relief that the acts, omission and conduct in the complaint above are all unlawful and negligent;

2. Compensatory damages for each plaintiff's physical and emotional damages in an amount no less dollars, $500,000.00;

3. Pre-judgement interest;

4. Special Costs including but not limited to air fare from St. Lucia to PR; hotel after ship

left them in St. Lucia, meals and reimbursement for medical attention in not less than $50,000.00;

5. Mental and emotional anguish for all plaintiffs. The ones who were at the ship and those who stayed desperately in PR where they could not do anything to help their children;

6. the cost of the cruise that they could not enjoy due to the fact that they were left behind in St. Lucia;

7. Attorneys fees and costs of this action;

8. Any other and further relief which this Honorable Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands his Seventh Amendment right to have the instant action tried before a jury of his peers.

**WHEREFORE** it is respectfully requested from this Honorable Court that the relief requested in the instant action be hereby **GRANTED**.

**RESPECTFULLY SUBMITTED**

In Ponce, Puerto Rico, this March 26, 2014.

/s/ *Carlos Fernandez Nadal*

CARLOS FERNÁNDEZ NADAL, ESQ.
USDC-PR No. 209208
818 Ave. Hostos Ste. B
Playa de Ponce PR 00716
Tel. 848-4612 Tel/Fax 848-4632
E mail: carlosfernandez@cfnlaw.com
Web Page: www.cfnlaw.com